UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY E. KING,

      Plaintiff,

          v.                        CAUSE NO. 3:23-CV-203-JD-AZ

BRADFORD, et al.,

      Defendants.

OPINION AND ORDER

Timothy E. King, a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding "against Lieutenant Bradford, Sgt. Thorpe, Sgt. McGowen, Officer A. Finucant, Officer Penny-Money, and Officer Walker in their individual capacities for compensatory and punitive damages for being deliberately indifferent to his needs by failing to protect him from the ongoing attack by other inmates that occurred on December 12–13, 2022, in violation of the Eighth Amendment[.]" ECF 13 at 10. Second, he is proceeding "against Sgt. T. Miles in his individual capacity for compensatory and punitive damages for being deliberately indifferent to his medical needs from approximately 7:00 PM on December 13, 2022, to approximately 1:45 AM on December 14, 2022, in violation of the Eighth Amendment[.]" *Id.* With regard to Sgt. Miles, King alleged in his complaint that Sgt. Miles failed to take him to the urgent care unit for approximately seven hours following the attack despite knowing he was badly injured. *Id.* at 9.

On October 14, 2025, the defendants filed a motion for summary judgment, arguing King did not exhaust his administrative remedies before filing this lawsuit. ECF 37. With the motion, the defendants provided King the notice required by N.D. Ind. L.R. 56-1(f). ECF 40. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1. Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. The court twice extended King's response deadline until February 23, 2026, and warned him further extensions were unlikely to be granted. ECF 51. This extended deadline passed over two weeks ago, but King still has not responded to the defendants' summary judgment motion. Therefore, the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own

2

pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The defendants provide an affidavit from the Grievance Specialist at Westville Correctional Facility ("WCF") and King's grievance records, which show the following facts: During all relevant times, an Offender Grievance Process was in place at WCF and available to all inmates, including King. ECF 37-1 at 2, 5, 7. The Offender Grievance Process required King to complete three steps before filing this lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 2. King regularly utilized the Offender Grievance Process, but he never submitted or exhausted any grievance related to his claims in this lawsuit. *Id.* at 7. Because King has not responded to the defendants' summary judgment

3

motion, the court accepts these facts as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party

. . . fails to properly address another party's assertion of fact as required by Rule 56(c),

the court may . . . consider the fact undisputed for purposes of the motion").

Here, the defendants have provided undisputed evidence King never fully

exhausted any relevant grievance before filing this lawsuit. Specifically, it is undisputed

King had knowledge of and access to the Offender Grievance Process but never

submitted or exhausted any grievance related to his claims that (1) the defendants failed

to protect him from an attack by other inmates around December 13, 2022, or (2) Sgt.

Miles was deliberately indifferent for failing to take him to the urgent care unit for

approximately seven hours following that attack. *See* ECF 13 at 10.[1] Therefore, because

it is undisputed King did not fully exhaust any grievance related to his claims in this

lawsuit, and there's no evidence his administrative remedies were in any way

unavailable, the defendants have met their burden to show King did not exhaust his

available administrative remedies before filing this lawsuit. Summary judgment is

warranted favor of the defendants.

For these reasons, the court:

---

[1] The record does show King submitted a grievance in March 2023 complaining he had been receiving an inadequate amount of a pain medication called Meloxicam since December 18, 2022. ECF 37-4 at 4. This grievance did not put the prison on notice of either of King's claims in this lawsuit, as his allegation in this grievance related only to the medical care he had been receiving since December 18 and did not put the prison on notice of his allegations that any correctional officers had (1) failed to protect him from an attack by other inmates on December 13 or (2) failed to take him to the urgent care unit for approximately seven hours following that attack. *See Schillinger v. Kiley*, 954 F.3d 990, 995-96 (7th Cir. 2020) (holding that a prisoner satisfies the exhaustion requirement by giving prison officials "notice of, and an opportunity to correct, a problem"). In any event, it is undisputed King did not fully exhaust this grievance because his grievance records show he never submitted a Level II appeal to the Department Grievance Manager after the warden denied his Level I appeal. ECF 37-4 at 1-3; ECF 37-3 at 1.

(1) GRANTS the defendants' motion for summary judgment (ECF 37); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Timothy E. King and to close this case.

SO ORDERED on March 10, 2026

/s/JON E. DEGUILIO     
JUDGE
UNITED STATES DISTRICT COURT